**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DIANE WILSON,

       *Plaintiff,*

   v.

SOCIAL SECURITY
ADMINISTRATION,

       *Defendant.*

Civil Action No. 25‑2153 (SLS)

Judge Sparkle L. Sooknanan

**MEMORANDUM OPINION**

Diane Wilson, proceeding pro se, sued the Social Security Administration (SSA) to challenge certain deductions from her social security benefits. The SSA moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. The Court converts the SSA's motion to a motion for partial summary judgment and grants that motion.

**BACKGROUND**

**A.    Factual Background**

The Court draws all justifiable inferences in Ms. Wilson's favor, as the nonmoving party, and it accepts her evidence as true. Fed. R. Civ. P. 56(e)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Construed liberally, Ms. Wilson appears to challenge two types of deductions from her supplemental security income (SSI) and social security disability insurance (SSDI) benefits: (1) deductions for overpayment of past benefits, and (2) deductions for employment and other reasons. Different facts and circumstances are relevant to each type of deduction.

### 1.    Overpayment Deductions

On November 26, 2019, the SSA sent Ms. Wilson a "Notice of Overpayment" explaining that it had overpaid her $6,272.83 in prior benefits. Def. Ex. A, at 2, ECF No. 11-4. This notice informed Ms. Wilson of her right to seek a waiver, file an appeal within sixty days, or do both, if she disagreed with the decision. *Id.* at 2–3. On October 12, 2024, Ms. Wilson received a "Notice of Award" from the SSA notifying her that she was entitled to $742.00 in monthly SSDI benefits beginning in July of that year, but that it was "withholding [her] social security benefits for July 2024 through September 2024" because it may "have to reduce these benefits if [she] received Supplemental Security Income (SSI) for this period." SSA Decl. ¶ 4, ECF No. 11-1; Def.'s Ex. B, at 1, ECF No. 11-5. The notice explained that Ms. Wilson could file an appeal in writing within sixty days if she disagreed with the decision. *Id.* at 3.

Two days later, on October 14, 2024, Ms. Wilson received a second "Notice of Award" from the SSA notifying her that she was entitled to $943.00 in monthly SSI benefits beginning in July of that year, but that it (1) would withhold a certain portion of her "first [SSI] payment of $6,601.00" for March 2024 to October 2024 to cover part of a previous overpayment, and (2) would then withhold "10 percent of [her] SSI money plus any other money [the SSA] use[d] in figuring [her] SSI" to cover the remainder of the overpayment. SSA Decl. ¶ 5; Def.'s Ex. C, at 1–2, ECF No. 11-6. The notice stated that Ms. Wilson could file an appeal in writing within sixty days if she disagreed with the decision. *Id.* at 5. On October 30, 2024, the SSA sent Ms. Wilson an informational letter updating her that $4,953.53 would be withheld from her benefits from April 2024 through September 2024 to recover the $5,047.83 still owed in overpaid benefits. SSA Decl. ¶ 6; Def.'s Ex. D, at 1, ECF No. 11-7.

Under SSA regulations, Ms. Wilson had sixty days after receiving each notice to file a request for reconsideration with the SSA. 20 C.F.R. § 416.1409(a). The SSA has no record that Ms. Wilson submitted such a request. SSA Decl. ¶ 7.

### 2. Employment and Other Deductions

On November 1, 2024, Ms. Wilson received a "Notice of Disability Cessation" from the SSA stating that she was not entitled to SSDI payments beginning in July 2023 because of her substantial work. Suppl. Mem. Exs. 2, ECF No. 14-1. On June 4, 2025, Ms. Wilson requested reconsideration of those work-related deductions, challenging the alleged refusal by the SSA to pay benefits based on her employment. Suppl. Mem. Exs. 6. Nothing in the record suggests that the SSA responded to that request. Ms. Wilson's 2025 benefits statement indicates that the SSA withheld $13,637.00 for "[d]eductions for work or other adjustments." *Id.* at 5.

### B. Procedural Background

Ms. Wilson sued the SSA on July 7, 2025, broadly challenging deductions from her social security benefits. Compl., ECF No. 1. The SSA filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on February 17, 2026. Mot., ECF No. 11. That motion is fully briefed and ripe for review. Resp., ECF No. 13; Suppl. Mem., ECF No. 14.

### LEGAL STANDARD

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted). But courts need not accept as true "a legal conclusion couched as a factual

allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A *pro se* complaint is to be 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers.'" *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). And the court "consider[s] a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (citing *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999)).

"In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997). If the district court considers other facts, it must convert the motion to dismiss into a motion for summary judgment and "provide the parties with notice and an opportunity to present evidence in support of their respective positions." *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011); *see* Fed. R. Civ. P. 12(d).

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The burden is on the movant to make the initial showing of the absence of any genuine issues of material fact." *Ehrman v. United States*, 429 F. Supp. 2d 61, 66 (D.D.C. 2006). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Est. of Parsons v. Palestinian Auth.*, 651 F.3d 118, 123 (D.C. Cir. 2011) (quoting *Anderson*, 477 U.S. at 255). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A court may "evaluate an inadequately supported assertion of material fact and deem it not materially disputed." *Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015).

**DISCUSSION**

Ms. Wilson's Complaint broadly challenges deductions from her social security benefits payments beginning on November 3, 2023. Compl. 3–4; Suppl. Mem. 1; *see Brown*, 789 F.3d at 152. During that period, the SSA made deductions for: (1) overpayments for past benefits and (2) employment and other reasons. *See* Compl. 3–4; Resp. 1–2; Suppl. Mem. 1. The SSA's motion only addresses the first type of deduction, arguing that Ms. Wilson failed to exhaust her administrative remedies. On that issue, the SSA is correct. The Court thus grants summary judgment to the SSA on Ms. Wilson's overpayment-deductions challenge. Since the SSA did not address the challenge to employment and other deductions, the Court expresses no view on whether that claim could survive a motion to dismiss or for summary judgment.

### A.    Overpayment Deductions

Ms. Wilson challenges the SSA's deductions for overpayment of prior benefits. For instance, she contends that the SSA improperly deducted her payments based on Medicaid benefits she never received. *See* Resp. 2 ("I never had any payments for [Medicaid]."). The SSA argues that this challenge is barred by the Social Security Act, 42 U.S.C. § 405(g), because Ms. Wilson failed to exhaust her administrative remedies. Mot. 6–9. The Court agrees.

### 1.    Summary Judgment

Before turning to the SSA's administrative exhaustion argument, a word on the standard of review. The SSA moved to dismiss, or in the alternative, for summary judgment. *See* Mot. 3. In support of its motion, the SSA introduced substantial material outside the pleadings. Mot. 11–12;

5

*see generally* SSA Decl. "When a moving party introduces 'matters outside the pleadings' in support of a motion to dismiss, Rule 12(d)" permits a district court "to convert the motion into one for summary judgment." *Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017). The decision to do so "is committed to the sound discretion of the trial court." *Flynn v. Tiede-Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006). "All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, the Court converts the SSA's motion under Rule 12(d). After the SSA filed its motion, the Court issued an order informing Ms. Wilson of her obligation to submit evidence contradicting the SSA's factual assertions or otherwise showing the existence of a genuine dispute of material fact. *Fox/Neal* Order 2–4, ECF No. 12. After Ms. Wilson filed her response, the Court issued another order providing her additional time to submit supplemental briefs or any "other evidence in support of her claim." Min. Order (Feb. 23, 2026). Ms. Wilson took advantage of this opportunity and submitted supplemental materials on March 6, 2026. *See* Suppl. Mem. The Court thus examines the overpayment deduction claims considering these "material[s] that [are] pertinent to the [SSA's] motion." Fed. R. Civ. P. 12(d).

### 2.    Exhaustion

Under the Social Security Act, a plaintiff may seek judicial review of a "final decision of the Commissioner of Social Security made after a hearing to which he was a party." 42 U.S.C. § 405(g). Generally, before a plaintiff brings a claim in federal court, the statute requires that the claim (1) first "be presented to the agency" to be final, and (2) "that the administrative remedies prescribed by the Secretary be exhausted." *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (cleaned up). The plaintiff may then sue in federal district court "within sixty days after the mailing to [the

plaintiff] of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

The record reveals that Ms. Wilson failed to comply with these administrative exhaustion requirements. The SSA sent Ms. Wilson (1) a "Notice of Overpayment" on November 26, 2019, explaining that it had overpaid her $6,272.83 in prior benefits, Def.'s Ex. A, at 2; (2) a "Notice of Award" on October 12, 2024, informing her that the SSA was "withholding her social security benefits for July 2024 through September 2024," Def.'s Ex. B, at 1; and (3) a "Notice of Award" on October 14, 2024, indicating that it was "withholding part of [her] payment to get back money [that she] [was] overpaid," Def.'s Ex. C, at 2.[1] Each notice explained that Ms. Wilson could file an appeal in writing within sixty days if she disagreed with the decision. Def.'s Ex. A, at 3; Def.'s Ex. B, at 3; Def.'s Ex. C, at 5. The SSA has no record of any appeal filed by Ms. Wilson within sixty days of these notices. SSA Decl. ¶ 7. Nor has Ms. Wilson produced any evidence of any such appeal. She has thus failed to exhaust her administrative remedies under Section 405(g). *Allred v. SSA*, 315 F. App'x 74, 75 (10th Cir. 2009) (citing 20 C.F.R. §§ 404.900(a), 416.1400(a)) (finding that the plaintiff "failed to exhaust his administrative remedies [when] he did not file an administrative appeal from the decisions of the Commissioner that he now challenges in his complaint"); *Proctor v. District of Columbia*, 74 F. Supp. 3d 436, 449 (D.D.C 2014) (explaining that the plaintiff must present "specific facts" in the record that rebut the defendant's evidence and "cannot rely on mere allegations or conclusory statements"); Fed. R. Civ. P. 56(c), (e).

A court may excuse the failure to exhaust under Section 405(g) only in "exceptional circumstance[s]": (1) where the claim is "entirely collateral" to a benefits payment, (2) when the

---

[1] On October 30, 2024, the SSA also sent an informational letter to Ms. Wilson informing her that, consistent with its previous notices, it would withhold $4,953.53 from April 2024 to September 2024 to recover her still-owed overpayment of $5,047.83. Def.'s Ex. D, at 1, ECF No. 11-7.

plaintiff would be "irreparably injured" by the exhaustion requirement, or (3) when exhaustion would be futile. *UDC Chairs Chapter, Am. Ass'n of Univ. Professors v. Bd. of Tr. of the Univ. of D.C.*, 56 F.3d 1469, 1475 (D.C. Cir. 1995); *Triad at Jeffersonville I, LLC v. Leavitt*, 563 F. Supp. 2d 1, 16 (D.D.C. 2008). Ms. Wilson has not alleged any such extraordinary circumstance. She claims that the SSA did not allow her to seek reconsideration or an appeal of her benefits deductions. *See* Resp. 1. But the record does not bear this out. Ms. Wilson does attach a reconsideration request for deductions related to her "jobs," complaining that she was "not [aware of] what jobs they relate[] to." Suppl. Mem. Exs. 6. But this request does not explain her failure to exhaust the overpayment deductions decisions.

Because Ms. Wilson failed to exhaust her administrative remedies with respect to her overpayment deductions, the Court must grant summary judgment to the SSA on those claims.

## B.    Employment and Other Deductions

Ms. Wilson also appears to challenge other deductions of social security benefits for employment and other reasons. *See* Suppl. Mem. Exs. 6; Compl. 3. The Court notes that this was not readily apparent from Ms. Wilson's Complaint, which (1) alleged that she "was eligible for [her] benefit[s] because [she] work[s] and continue[s] to work," (2) challenged deductions from her social security payments, and (3) took issue with how "social security came up with th[e] amount" of her deductions. Compl. 3–4. So in its motion, the SSA quite reasonably argued only that Ms. Wilson had failed to exhaust claims related to overpayment deductions. But in responding to the SSA's motion, Ms. Wilson alleged that the SSA was not "truthful" about "why" her benefits were deducted in the notices and stated that she attempted to appeal the SSA's determinations for employment-related deductions. Resp. 1–2; *see also* Suppl. Mem. 1 ("[SSA] Lie[s] stating they [were] deductions for [Medicaid]. [T]hey knew I was working . . . and I reported my earning . . .

8

My exhibit[] show proof[] of benefits. How do I owe what I worked and earn from[.]"). Ms. Wilson attached an SSA Notice of Deductions from October 2025 and evidence of deductions between 2024 and 2025 "for work or other adjustments." Suppl. Mem. Exs. 3–5. She also attached a copy of a June 2025 appeal to SSA for such "work"-related deductions. *Id.* at 6–7.

In this Circuit, a court must "consider a pro se litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss.'" *Naz v. Wright*, No. 23-5237, 2026 WL 1657113, at *3 (D.C. Cir. June 9, 2026) (quoting *Brown*, 789 F.3d at 152). Thus, the defendant must address and the court must "consider[] supplemental material filed by a pro se litigant in order to clarify the precise claims being urged." *Id.* (quoting *Spence v. Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024)). Here, the SSA did not address any "work or other" deductions in its filings. Indeed, the SSA declined to file a reply or otherwise respond to Ms. Wilson's opposition and supplemental filing, despite an invitation by this Court to do so. *See* Min. Order (Feb. 23, 2026). Because the SSA has not asked for dismissal of Ms. Wilson's claims about this category of deduction, the Court may not address them in adjudicating the Secretary's motion.

## CONCLUSION

For the foregoing reasons, the Court grants partial summary judgment to the SSA. Mot., ECF No. 11. For Ms. Wilson's employment deduction claims, the Court directs the SSA to either file an answer, a motion for a more definite statement, or a renewed motion to dismiss by July 30, 2026. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:    July 9, 2026